# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENEE (COG) FEREBEE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-17-1503 |
| JUANITA L. PETTY, | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION AND ORDER

Renee Ferebee, a Maryland resident who has filed numerous lawsuits in this Court without the assistance of counsel, filed this lawsuit against her former attorney, Juanita L. Petty, Esq., apparently dissatisfied with the representation she received from Ms. Petty in a lawsuit against Shoppers Food Warehouse. Compl. 1, ECF No. 1. In addition to what appears to be a discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, Ferebee claims "breach of contract, false representation, sabortagement [sic], [and] defamation of character." *Id.* Her claims are markedly similar to the claims she brought against another attorney in *Ferebee v. Jeanett P. Henry, LLC*, No. PWG-17-1397, 2017 WL 2812803, at *1 (D. Md. June 28, 2017), where she claimed that Jeanett P. Henry "mishandled" the claims she brought against another company, Sally Beauty Supply Store, and "wrongfully judged" her to be "crazy and on drugs." *Henry*, 2017 WL 2812803, at *1. There, also, she alleged breach of contract and sought "$500 million 'in tort, defamation of character, false representation, breach of contract, sabortagement [sic], civil rights being violated, [and] punitive damages all of unfair services (discrimination).'" *Id.*; *see* Compl. 1.

## Motion to Proceed in Forma Pauperis

Ferebee seeks leave to proceed in forma pauperis. ECF No. 2. As she has in past cases, *see, e.g., Ferebee v. Eastern Motors Dealership*, No. PWG-17-165, Ferebee claims both that she is a self-employed attorney, earning $13,000 monthly, Pl.'s Mot. 1, and that she is retired and collects approximately $353 per month in retirement benefits, as well as $1,200 per month in social security income, *id.* at 2. She indicates that she has $153 in her checking account, and $200 in her savings account, and owns no assets. *Id.* at 2–3. She claims that "billions [and] millions of dollars" are owed to her by various entities. *Id.* at 3. She lists approximately $13,500 in monthly expenses. *Id.* at 4. Notwithstanding the discrepancies in Plaintiff's affidavit, the Court will grant her Motion for Leave to Proceed in Forma Pauperis.

## Motion to Dismiss

Ferebee is proceeding *pro se*, and her Complaint is to be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990); *Holsey v. Collins,* 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens,* 561 F.2d 560, 562–63 (4th Cir. 1977)).

It is well established that a Court has broad inherent power to dismiss an action, or part of an action, which is frivolous, and may exercise its discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that a plaintiff lacks standing, that subject matter jurisdiction does not exists, or that a case fails to state a claim. *See Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron,* 493 Fed. App'x 405, 406 (4th Cir. 2012) (unpublished)

(noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte*, even when a plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"). Moreover, pursuant to 28 U.S.C. § 1915(e)(2)(B), courts are required to screen a plaintiff's complaint when, as here, in forma pauperis status has been granted, and to dismiss if the allegations are frivolous or fail to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727-28 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to screen preliminarily a non-prisoner complaint); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, No. 13-CV-11, 2013 WL 5375781, at *1-2 (N.D. W. Va. Sept. 25, 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

## Discussion

Section 1983 provides for the liability of "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Significant here is the requirement that the defendant be acting "under color of" state law. *See id.*; *see also* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49-50 (1988). A privately retained attorney is not a state actor. *See Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Thus, Petty did not act "under color of"

3

state law. And, Ferebee's use of the word "conspiracy" is not sufficient to state a claim against Petty as a state actor. *Moore v. Jordan*, No. TDC-16-1741, 2017 WL 3671167, at *4 (D. Md. Aug. 23, 2017) ("Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678."). Petty is not liable for damages under § 1983, *see Hall*, 631 F.2d at 1156; *Deas*, 547 F.2d 800, and I must dismiss Ferebee's civil rights claims. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Because I am dismissing all of Ferebee's federal claims, this Court declines to exercise supplemental jurisdiction over her state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (noting that, pursuant to § 1367(c)(3), "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished"). These claims are dismissed, without prejudice to Plaintiff's right to pursue such claims in state court.

## ORDER

Accordingly, it is this 17th day of July, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED;
2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis IS GRANTED;
3. The Clerk SHALL PROVIDE a copy of this order to Plaintiff; and
4. The Clerk SHALL CLOSE this case.

Paul W. Grimm
United States District Judge

4